FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 01 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAURICE MAYNARD,[1]

                Plaintiff,

     -against-

COMMISSIONER and INSPECTOR GENERAL,
Social Security Administration,

                Defendant.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-586 (CBA) (LB)

AMON, Chief United States District Judge:

On January 30, 2015, plaintiff Maurice Maynard filed this pro se action against the Commissioner and the Inspector General of the Social Security Administration ("SSA"). (DE #1.) Rather than pay the normal filing fee, Maynard requested leave to proceed in forma pauperis. (DE #4.) For the reasons stated below, Maynard's motion is granted.

## BACKGROUND

Although it is difficult to decipher Maynard's hand-written submissions, he appears to challenge the agency's denial of Supplemental Security Income ("SSI") payments during his commitment in the Kingsboro Psychiatric Center. Maynard alleges that he inquired about those payments by contacting the SSA office located at 2250 Nostrand Avenue in Brooklyn, New York. (Compl. at 2.) He claims that Mr. Gregg, apparently an SSA employee, informed him that he must "be totally out of Kingsboro to receive any payment on your SSI account" because "proof of address [is required] for each of the three lum[p]-sum payments." (Id.) Maynard now

---

[1] Mr. Maynard has used multiple names in filings in this Court, including Maurice Maynard Meyers, Maurice Wayne Maynard Meyers, and Colonel Maurice Maynard Meyers. In official records, including his Social Security records and state court proceedings, he is identified as "Maurice Maynard."

seeks to have "three lum[p] sum payments of SSI payments posted to [his] MasterCard debit card account without having [to] visit[] the Social Security Office." (Compl. at 1.)

## DISCUSSION

### A. Standard of Review

When considering a request to proceed in forma pauperis, the Court conducts an initial review of the pleadings and must dismiss the case if it determines that the allegations are frivolous or fail to state a claim. 28 U.S.C. § 1915(e)(2). In evaluating the sufficiency of the pleadings, the Court must accept as true all factual allegations and draw all inferences in the plaintiff's favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). Moreover, pleadings submitted pro se, like the Complaint here, are held to a less stringent standard and must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (pro se pleadings must be interpreted as raising the strongest claims suggested by the allegations).

### B. Subject Matter Jurisdiction Over Social Security Claims

Before the Court can consider Maynard's claims, it must assure itself that they properly fall within its jurisdiction. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 433 (2011). Under the Social Security Act, judicial review of disability benefit determinations is limited to final decisions of the Commissioner of Social Security. See 42 U.S.C. §§ 405(g), 1383(c)(3). A "final decision" has two components: "(i) the jurisdictional, non-waivable requirement that a claim for benefits has been presented to the Commissioner, and (ii) the non

2

jurisdictional, waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." Dobson v. Comm'r of Soc. Sec., No. 10-CV-6167 (KPF), 2014 WL 1909363, at *5 (S.D.N.Y. May 12, 2014) (citing Mathews v. Eldridge, 424 U.S. 319, 328-30 (1976)).

The jurisdictional presentment requirement is "easily satisfied," Dobson, 2014 WL 1909363, at *5, and requires only that the plaintiff made a formal or informal request for benefits, see Clark v. Astrue, 274 F.R.D. 462, 466-67 (citing City of New York v. Heckler, 742 F.2d 729, 735-36 (2d Cir. 1984) (holding that although mere inaction does not satisfy the presentment element, submission of a disability questionnaire sufficed)). Here, Maynard alleges that he requested benefits by contacting an employee at the SSA office. At least at this preliminary stage, that allegation suffices to clear the presentment hurdle.

On the other hand, Maynard makes no allegations related to the exhaustion of the administrative remedies provided by the Commissioner. But because the exhaustion requirement may be waived, see City of New York, 742 F.2d at 736 (2d Cir. 1984), it does not require dismissal of Maynard's claim at this early juncture. See Fowlkes v. Ironworkers Local 40, --- F.3d ---, ---, No. 12-336-CV, 2015 WL 3796386, at *5-7 (2d Cir. June 19, 2015) (reversing § 1915 dismissal of Title VII claim for failure to exhaust).

***

Read liberally, Maynard's complaint alleges that he sought and was improperly denied SSI benefits as a result of his confinement in various mental institutions. Although the facts alleged are sparse, that suffices to make out a short and plain statement of his claim as required by Rule 8 of the Federal Rules of Civil Procedure.

3

## CONCLUSION

Accordingly, the Court grants leave to proceed in forma pauperis. The United States Marshals Service is directed to serve the summons and complaint on defendants without the prepayment of fees. This matter is referred to Magistrate Judge Lois Bloom for pre-trial supervision.

SO ORDERED.

/S/ Chief Judge Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge

Dated: July 1, 2015
      Brooklyn, New York