FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MAURICE MAYNARD,[1]

            Plaintiff,

    -against-

COMMISSIONER and INSPECTOR GENERAL,
Social Security Administration,

            Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-586 (CBA) (LB)

**AMON, United States District Judge:**

On January 30, 2015, plaintiff Maurice Maynard filed this pro se action against the Commissioner and the Inspector General of the Social Security Administration ("SSA") (together, the "Administration"). (D.E. # 1 ("Compl.").) Maynard requested permission to proceed in forma pauperis, (D.E. # 4), which the Court granted, (D.E. # 8 (hereinafter, the "IFP Order")). Defendants now move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (See D.E. # 17, Notice of Motion.) For the following reasons, that motion is denied.

## BACKGROUND

In Maynard's hand-written submissions, he appears to challenge the SSA's denial of Supplemental Security Income ("SSI") payments during his commitment in the Kingsboro Psychiatric Center beginning in August 2013. Maynard alleges that he inquired about those payments by contacting the SSA office located at 2250 Nostrand Avenue in Brooklyn, New York. (Compl. at 2.) He claims that Mr. Gregg, apparently an SSA employee, informed him that he must

---

[1] Mr. Maynard has used multiple names in filings in this Court, including Maurice Maynard Meyers, Maurice Wayne Maynard Meyers, and Colonel Maurice Maynard Meyers. In official records, including his Social Security records and state-court proceedings, he is identified as "Maurice Maynard."

"be totally out of Kingsboro to receive any payment on your SSI account" because "proof of address [is required] for each of the three lum[p]-sum payments." (Id.) Maynard now seeks to have "three lum[p] sum payments of SSI payments posted to [his] MasterCard debit card account without having [to] visit[] the Social Security Office." (Compl. at 1.)

## STANDARD OF REVIEW

A court dismisses an action under Rule 12(b)(1) "if the court lacks the statutory or constitutional power to adjudicate it." Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L., 790 F.3d 411, 416–17 (2d Cir. 2015) (internal quotation marks omitted) (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Mantena v. Johnson, 809 F.3d 721, 727 (2d Cir. 2015) (citation omitted).

## DISCUSSION

Under the Social Security Act, judicial review of disability-benefit determinations is limited to final decisions of the Commissioner of Social Security. See 42 U.S.C. §§ 405(g), 1383(c)(3). "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5–7 (2d Cir. 2011) (citing Bowen v. City of N.Y., 476 U.S. 467, 483 (1986); Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). Because "administrative exhaustion is not a jurisdictional requirement . . . it is subject to equitable defenses." See Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 384 (2d Cir. 2015) (emphasis in original). In social-security cases, "[t]he factors courts have cited to excuse failure to exhaust are: (1) that the claim is collateral to a demand for benefits; (2) that exhaustion would be futile; and

(3) that plaintiffs would suffer irreparable harm if required to exhaust administrative remedies." Pavano v. Shalala, 95 F.3d 147, 150 (2d Cir. 1996) (citations omitted).

The Court described these procedural requirements in the IFP Order. There the Court observed that "Maynard makes no allegations related to the exhaustion of administrative remedies." (IFP Order at 3.) But because the exhaustion requirement is not jurisdictional, the Court held that this deficiency did "not require dismissal of Maynard's claim at this early juncture." (Id. (citing Fowlkes, 790 F.3d 378).) With respect to jurisdiction, the Court explained that the presentment requirement "is 'easily satisfied'" and "requires only that the plaintiff made a formal or informal request for benefits." (Id. (citations omitted).) The Court concluded that, "[a]t least at this preliminary stage," Maynard's allegation that he requested benefits by contacting an SSA employee satisfied the jurisdictional requirement. (Id. (citations omitted).)

Despite this conclusion, the Administration now moves to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1). It does not, however, challenge the Court's preliminary conclusion in the IFP Order that Maynard presented his claim, meeting the jurisdictional presentment requirement. Instead, the Administration argues that the Court lacks jurisdiction because Maynard failed to exhaust. The Administration states that "without a final decision made after a hearing, courts have no jurisdiction," and therefore "this Court lacks subject matter jurisdiction because plaintiff has not exhausted his administrative remedies." (D.E. # 18 ("Def. Mem.") at 5.) This argument ignores forty years of Supreme Court precedent to the contrary, starting with Mathews v. Eldridge, 424 U.S. 319 (1976). Mathews interpreted Weinberger v. Salfi, 422 U.S. 749 (1975)—the only case the Administration cites in support of its argument, (see Def. Mem. at 5)—to reach the very holding the Administration ignores. See Mathews, 424 U.S. at 328 ("Implicit in Salfi, however, is the principle that this [requirement]

consists of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary."). The fact that the Administration ignores this longstanding and well-established principle is troubling since the Court itself set this standard out in the IFP Order—and there found the jurisdictional requirement met. The Administration might have challenged that conclusion, especially since the Court held only that Maynard's allegation was sufficient "[a]t least at this preliminary stage." (IFP Order at 3.) Or the Administration might have argued that none of the factors courts have cited to excuse failure to exhaust is present here. See Pavano, 95 F.3d at 150. But instead, the Administration moves to dismiss under Rule 12(b)(1) on the sole ground that Maynard's failure to exhaust deprives the Court of jurisdiction. The Court rejects this erroneous argument. Because it is the Administration's only argument, its motion to dismiss is denied.[2]

## CONCLUSION

Accordingly, the Administration's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction is denied.

SO ORDERED.

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

Dated: August 16, 2016
   Brooklyn, New York

---

[2] Maynard's opposition references a separate denial of benefits between November 1, 2006, and January 1, 2011. The Administration points out that this Court previously adjudicated this claim in Maynard v. Social Security Administration, 11-CV-6046 (CBA). But that fact does not bear on the benefits at issue in the instant complaint.